**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUES E. ARGILAGOS, | Civil Action No. 04-1842 (KSH) |
| Petitioner, | |
| v. | **OPINION** |
| BERGEN COUNTY PROBATION OFFICER MARY A. NIXON, et al., | |
| Respondents. | |

**APPEARANCES:**

Petitioner pro se
Jacques E. Argilagos
27 Ward Street, Apt. 3
Paterson, NJ 07501-1868

Counsel for Respondents
Diane M. Lamb
Office of the N.J. Attorney General
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112

**HAYDEN**, District Judge

Petitioner Jacques E. Argilagos, a prisoner currently in custody pursuant to a sentence of probation, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Bergen County Probation Officer Mary A. Nixon and the Attorney General of New Jersey.

For the reasons stated herein, the Petition must be denied.

I.   BACKGROUND

In November 1995, Petitioner began making calls to a co-worker (the "victim"), at work, in which he would moan, call her

a "bitch," and hang up.[1] The victim reported the calls to her supervisors, but Petitioner persisted. In January 1996, at a meeting called by the supervisor, and in the presence of the victim, Petitioner agreed to stop. He did stop for a few weeks; however, in February 1996, Petitioner resumed the calls, which increased in number and then contained threats of physical harm and various vulgarities.

After the calls persisted for several months, Petitioner was fired, precipitating more threats against the victim. The victim contacted the police, who warned Petitioner to stop. Petitioner, however, continued to make threatening phone calls. On June 14, 1996, Petitioner pulled his vehicle in front of the victim's vehicle, exited his vehicle, and began pounding on the victim's vehicle, threatening to kill her.

Petitioner filed a harassment complaint against Petitioner. Nevertheless, between June 17, when she filed the complaint, and August 7, when the parties first appeared in municipal court on the victim's complaint, the calls continued, necessitating a police escort for the victim. In addition, during the same time period, Petitioner had begun to appear near Petitioner's home in his vehicle on Saturdays, about four or six times a day. He would drive slowly past her house several times and then park in

---

[1] Except as noted, the factual background is condensed from the Opinion of the Superior Court of New Jersey, Appellate Division, attached to Respondents' Answer as Exhibit R4.

front of the house, where he would just sit in his vehicle and watch the house.

On August 7, 1996, Petitioner and the victim appeared in Hackensack Township Municipal Court, where the matter of the harassment complaints against Petitioner was carried until September 25, 1996. (2T 70-73; 2T220-222.) On September 25, 1996, the parties again went to municipal court and the victim agreed to withdraw the charges against Petitioner since there had been no additional calls or incidents since August 7.[2] Two days later, on September 27, 1996, Petitioner resumed the telephone calls, against threatening to kill the victim.

After the September 27, 1996, call, Petitioner was charged by indictment with one count of third-degree stalking based on conduct occurring between November 1, 1995 and September 27, 1996, (Count One), in violation of N.J.S.A. 2C:12-10(c),[3] and one count of making terroristic threats based upon the September 27, 1996, telephone call, (Count Two), in violation of N.J.S.A. 2C:12-3(a). Petitioner was convicted of fourth-degree stalking, N.J.S.A. 2C:12-10(b), and the petty disorderly persons offense of harassment, N.J.S.A. 2C:33-4, as a lesser included offense of

---

[2] The record before the Court does not include any documentation regarding the dismissed charges. Petitioner, however, has not presented this Court with any challenge to the factual findings of the Appellate Division.

[3] This charge was later amended to fourth-degree stalking.

3

terroristic threats. Petitioner was sentenced to a three-year term of probation with a ninety-day period of incarceration in the county jail as a condition of probation. The trial court also entered a permanent restraining order prohibiting Petitioner from having any contact with the victim.

On direct appeal, Petitioner alleged, <u>inter alia</u>, that his prosecution on the stalking charge, which relied upon conduct included in the earlier-dismissed harassment charge, was barred by the Double Jeopardy Clause. The Appellate Division denied this claim without discussion. (Respondents' Exhibit R-4 at 8.) The Supreme Court of New Jersey denied certification. 178 N.J. 249 (2003).

Thereafter, Petitioner filed in this Court a one-page Complaint, which this Court construes as a Petition under 28 U.S.C. § 2254, in which he states the following challenge to his conviction: "... MY DOUBLE JEOPARDY RIGHT[S] WERE VIOLATED AND I WAS NOT GIVEN A FAIR TRIAL IN BERGEN COUNTY." In their Supplemental Answer, Respondents construe this as asserting a single claim, under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Petitioner has not responded to that interpretation. In view of Petitioner's apparent acquiescence in Respondents' interpretation, this Court also construes the Petition as asserting the claim that Petitioner was deprived of his rights under the Double Jeopardy

4

Clause, when he was tried under a harassment charge based upon conduct included in the earlier-dismissed municipal harassment complaint.

Respondents' acknowledge that Petitioner is in custody within the meaning of § 2254 and that he has exhausted his state remedies with respect to the Double Jeopardy claim. Accordingly, this Court will proceed to address the claim on the merits.

## II. <u>28 U.S.C. § 2254</u>

As amended by the Antiterrorism and Effective Death penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part, that a district court shall entertain a petition for a writ of habeas corpus, in behalf of a person in custody pursuant to the judgment of a state court, "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1).

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

>established Federal law, as determinated by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J., for the Court, Part II). A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," (although the Supreme Court expressly declined to decide the latter). Id. at 407-09. To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable.

6

Id. at 409. In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of inferior federal courts. Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999).

Even a summary adjudication by the state court on the merits of a claim is entitled to § 2254(d) deference. Chadwick v. Janecka, 302 F.3d 107, 116 (3d Cir. 2002) (citing Weeks v. Angelone, 528 U.S. 225, 237 (2000)). With respect to claims presented to, but unaddressed by, the state courts, however, a federal court may exercise pre-AEDPA independent judgment. See Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000), cert. denied, 532 U.S. 924 (2001); Purnell v. Hendricks, 2000 WL 1523144, *6 n.4 (D.N.J. 2000). See also Schoenberger v. Russell, 290 F.3d 831, 842 (6th Cir. 2002) (Moore, J., concurring) (and cases discussed therein).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

III. <u>ANALYSIS</u>

The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitutions assures that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."

"The protections afforded by the Clause are implicated only when the accused has actually been placed in jeopardy. This state of jeopardy attaches when a jury is empaneled and sworn or, in a bench trial, when the judge begins to receive evidence." <u>United States v. Martin Linen Supply Co.</u>, 430 U.S. 564, 569 (1977) (citations omitted). When a judge's dismissal of a charge is not based upon a finding of insufficient evidence or the resolution of any factual element, the Double Jeopardy Clause does not prevent re-trial based upon the dismissed charges. <u>See</u> <u>United States v. Soberon</u>, 929 F.2d 935, 938-39 (3d Cir.), <u>cert. denied</u>, 502 U.S. 818 (1991).

Here, there is nothing in the record presented to the state courts or to this Court to suggest that the issue of Petitioner's guilt or innocence of the municipal harassment charges ever came before the judge as a trier of fact. To the contrary, it appears that the charges were dismissed based upon Petitioner's behavior during the pendency of the charges, specifically without regard to his guilt or innocence. As the dismissal of the charges was not based upon resolution of any factual element, trial on a subsequent charge based upon the same conduct is not precluded by

8

the Double Jeopardy Clause.  See United States v. Vaughan, 715 F.2d 1373, 1375-78 (9th Cir. 1983).

The denial of relief by the state courts was not based upon an unreasonable determination of the facts in light of the evidence presented to them nor was it contrary to established Supreme Court precedent.  Accordingly, the Petition must be denied.

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has not demonstrated that jurists of reason could disagree with this Court's resolution of his constitutional claim or that jurists could conclude that the issue presented is adequate to deserve encouragement to proceed further.  No Certificate of Appealability will issue.

## V. CONCLUSION

For the reasons set forth above, the Petition must be denied. An appropriate order follows.

_____
Katharine S. Hayden
United States District Judge

Dated: 5/23/05